UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 JAN 13 PM 1:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

ANN HAMBY, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV-97-S-2516-NE
 )
WRANGLER, INC.; et al. )
 )
    Defendants. )

ENTERED
JAN 13 1998

MEMORANDUM OPINION

Ann Hamby allegedly was injured on December 9, 1994, while employed by Wrangler, Inc. in its Cullman, Alabama plant. She apparently worked as a sewing machine operator, because she alleges that "the repetitive motion necessary to sew caused [her] to develop bilateral carpal tunnel syndrome, as well as injuries to her neck, arms, and shoulders."[1] (Complaint ¶ 6.) Hamby alleges that treating physicians thereafter

> released [her] to return to work on light duty on numerous occasions. Following each doctors' release, the Plaintiff would contact the Defendant regarding her return to work. On each occasion, the Defendant told the Plaintiff that there was no work available and that she could not return to work unless she had her restrictions lifted.

(Complaint ¶ 19.) She persisted for nine consecutive months in her attempts to return to work, "ready and willing to work within the limitations provided by her authorized treating physician," but allegedly she repeatedly "was denied work and informed ... that Wrangler, Inc., had no work for her." (Complaint ¶ 11.) Such circumstances eventually precipitated three claims: one for

---

[1] Plaintiff further alleges that her work-related condition caused "pain radiating up her arms, into her shoulders, and neck." (Complaint ¶ 18.)

workers' compensation benefits under Alabama Code §§ 25-5-1 *et seq.*; a second for wrongful termination premised upon Alabama Code § 25-5-11.1[2]; and, finally, a claim based upon the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 *et seq.*

Hamby filed her claims in the Circuit Court for Cullman County, Alabama on August 25, 1997, but defendant timely removed the action to this court, asserting federal question jurisdiction of plaintiff's ADA claim under 28 U.S.C. § 1331, and, jurisdiction over her state law workers' compensation and wrongful termination claims under 28 U.S.C. § 1441(c). The matter now is before the court on plaintiff's motion to remand. For the reasons which follow, that motion is due to be granted.

It often is recited, but just as often as not it is forgot, that federal courts are forums of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, federal courts possess the power to hear only those cases and controversies authorized by Congress or the Constitution. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675. "It is to be presumed that a cause lies outside this limited jurisdiction, and

---

[2] In full text, Alabama Code § 25-5-11.1 (1975)(1992 Replacement Vol.) provides:

> No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11.

2

the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675 (citation omitted). Accordingly, this court notes the long-recognized principle that removal statutes are to be narrowly construed against the exercise of federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

### A. State Workers' Compensation Claim

Congress clearly, unequivocally rejected removal of state workers' compensation claims. 28 U.S.C. § 1445(c) provides:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

Accordingly, plaintiff's principal claim for workers' compensation benefits was not removable to this court, and is due to be remanded.

### B. State Wrongful Termination Claim

There is a split of authority on the question of whether § 1445(c) bars removal of a claim alleging that plaintiff was terminated for seeking state workers' compensation benefits. Two of the three circuits that have considered the issue hold that such claims arise under a state's workers' compensation statutes and, thus, are not removalble. *Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995); *but see Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir. 1994). Even within this district, judges are

3

divided over the question. *Compare, e.g., Lewis v. Rhodes, Inc.*, 968 F. Supp. 633 (N.D. Ala. 1997)(Blackburn, J.)(holding that a retaliatory discharge claim under § 25-5-11.1 "arises under" Alabama's workers' compensation laws); *with Moreland v. Gold Kist, Inc.*, 908 F. Supp. 898, 900 (N.D. Ala. 1995)(Propst, J.)(holding that a § 25-5-11.1 claim does not "arise under" Alabama's workers' compensation laws).

This court addressed the issue in *Roberts v. Beaulieu of America, Inc.*, 950 F. Supp. 1509 (N.D. Ala. 1996). In that opinion, this court recognized that Alabama's wrongful termination statute[3]

> vindicates the statutory rights of those persons who ... sustain occupational diseases or accidental, on-the-job injuries; it removes an injured employee's fear of retaliation in the terms and conditions of employment or, worse, termination of employment, as a result of requesting his or her meager worker's compensation mite.

*Id.* at 1522. For such reasons, among others discussed at length in *Roberts*, this court held that

> the remedy created by Alabama Code § 25-5-11.1 is essential to the efficacy of Alabama's statutory worker's compensation scheme and, therefore, retaliatory discharge claims based on that statute "aris[e] under the workmen's compensation laws of such State [and] may not be removed to any district court of the United States."

*Id.* at 1511 (quoting 28 U.S.C. § 1445(c)). Defendant has not persuaded this court that it should depart from its prior decision on the subject. Accordingly, removal of plaintiff's wrongful termination claim was improper, and it also is due to be remanded.

---

[3] See note 2 *supra*.

4

C.  **Federal Claim**

The remaining, and more difficult question is whether this court may, or must, exercise jurisdiction over an ADA claim joined with two claims made non-removable by statute. This court undeniably has original jurisdiction of an ADA claim under 28 U.S.C. § 1331.[4] Plaintiff's ADA claim was not originally filed in this court, however. Thus, jurisdiction is proper only if the case was properly removed pursuant to the removal statute, 28 U.S.C. § 1441.

Defendant's removal was bottomed upon § 1441(c); thus, this court's analysis begins with that provision, which provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Section 1441(c) does not permit removal, then, unless the federal claim is "separate and independent" of the non-removable claims. The Supreme Court's holding in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), is instructive on that point. The Court held that "where there is a single wrong to the plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Finn*, 341 U.S. at 14, 71 S.Ct. at 540.

---

[4] Section 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5

Each of Ann Hamby's three claims "aris[e] from an interlocked series of transactions" resulting in "a single wrong": Wrangler's alleged refusal to allow her to return to work following an on-the-job injury. Accordingly, her claims are not "separate and independent."[5] *See Finn*, 341 U.S. at 12-14, 16, 71 S.Ct. at 539-40, 541; *see also Addison v. Gulf Coast Contracting Services*, 4 F.2d 494, 500 (5th Cir. 1984). Thus, § 1441(c) simply does not apply to this case, and removal under that statute was improper. *See In re City of Mobile*, 75 F.3d 605 (11th Cir. 1996)("section 1441(c) is not applicable because no separate and independent claim exists"); *accord Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 786 (8th Cir. 1997)("§ 1441(c) provides for removal ... only where the federal question claims are 'separate and independent' from the state law claims")(citation omitted).[6]

It should also be emphasized that § 1441(c) grants this court discretion to "remand all matters in which State law predominates." State law is deemed to predominate when a district court "finds that the federal claim, while plausible, is not really the plaintiff's main mission; that it is only an incident or adjunct of the state claim and that the state claim is the crux of the

---

[5] Applying *Finn's* "single wrong" language, Hamby's claim for workers' compensation benefits arguably is separate and independent of her federal claim. Such a finding would not change the result in this case, however. Hamby's ADA claim and retaliation claim plainly are not separate and independent of one another. Thus, the linkage of those two claims — one removable and one statutorily non-removable — renders defendant's use of § 1441(c) to remove the entire case improper.

[6] Additionally, the court notes that § 1441(c) only authorizes removal of "the entire case," not a single federal claim alone. Thus, Wrangler did not have the option of removing only Hamby's federal claim. Given that it was joined to two state law claims whose removal is statutorily barred, Wrangler also did not have the option of removing the entire case under § 1441(c).

6

action."  In re City of Mobile, 75 F.3d 605, 613 (11th Cir. 1996)(Birch, J., dissenting)(quoting Moore v. DeBiase, 766 F. Supp. 1311, 1319 (D.N.J. 1991); see also 28 U.S.C.A. § 1441 Commentary; Hayduk v. United Parcel Service, Inc., 930 F. Supp. 584, 599-600 (S.D. Fla. 1996).  This is such a case.  Plaintiff's state law claims are the crux of her complaint: the ADA claim only is incidental thereto.  Defendant's removal of the action is an attempt to have plaintiff's ADA tail wag her state law dog. Accordingly, this court finds that the entire action is due to be remanded.  That exercise of the discretion vested in this court is supported by ample precedent.  Courts considering the question "have decided overwhelmingly that [§ 1441(c)] permits them to remand the entire action, federal claims and all, if the state law claims predominate."  See Eastus v. Blue Bell Creameries, 97 F.3d 100, 105 (5th Cir. 1996)(citing Lang v. American Electric Power Co., 785 F. Supp. 1331, 1334 (N.D. Ind. 1992); Moralez v. Meat Cutters Local 539, 778 F. Supp. 368, 370 (E.D. Mich. 1991); Alexander v. Goldome Credit Corp., 772 F. Supp. 1217, 1223-24 (M.D. Ala. 1991); Moore v. DeBiase, 766 F. Supp. 1311, 1321 (D.N.J. 1991); Holland v. World Omni Leasing, Inc., 764 F. Supp. 1442, 1444 (N.D. Ala. 1991); Martin v. Drummond Coal Co., 756 F. Supp. 524, 526 (N.D. Ala. 1991)).  See also Edward Hartnett, A New Trick From An Old and Abused Dog: Section 1441(c) Lives and Now Permits the Remand of Federal Question Cases, 63 Fordham L. Rev. 1099 (1995).

Defendant contends the Eleventh Circuit overruled Alexander,

7

*Holland*, and *Martin*, leaving this court without discretion to order remand of Hamby's federal claim. (See Defendant's Response to Motion to Remand at 2 (citing *In re City of Mobile*, 75 F.3d 605 (11th Cir. 1996)). This court finds defendant's reliance upon *City of Mobile* misplaced. In that case, the Eleventh Circuit plainly stated

> The sole issue we address is whether, under 28 U.S.C. § 1367(c), a district court has discretion to remand to state court a case that includes a properly removed federal claim.

*City of Mobile*, 75 F.3d at 607 (emphasis supplied). The court held that a district court has no such discretion under § 1367, but expressly declined respondents' suggestion to consider whether the court had such discretion under § 1441(c). *Id.* at 608 ("We need not consider this suggestion because we agree with the district court's conclusion that no separate and independent cause of action exists under these facts" and, thus, "section 1441(c) is not applicable").

Even if Hamby's claims are not removable pursuant to § 1441(c), the court now considers whether such removal was proper pursuant to § 1441(a), which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...."[7] Ordinarily, that provision, hitched to the now-codified doctrine of pendent

---

[7] Defendant's petition for removal cites the entire removal statute, 28 U.S.C. § 1441, as authority for removal of this case. (Petition for Removal ¶ 6.) In brief, defendant's arguments center on § 1441(c). Defendant cites § 1441(a) in its brief once, however, for the proposition that Wrangler is "entitled to have all claims arising out of a federal law, ... heard in a federal forum." (Response to Motion to Remand at 2.) Accordingly, the court deems a brief discussion of § 1441(a) appropriate.

8

jurisdiction,[8] would be an appropriate beast of burden on which to carry plaintiff's entire case to federal court. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350-51, 108 S.Ct. 614, 618-19, 98 L.Ed.2d 720 (1988)(noting that, in a case removed under § 1441(a), and one in which plaintiff's complaint states a single federal claim and more than one state claim, "[t]he state-law claims fell within the removal jurisdiction of the District Court to which the action was removed because they derived from the same nucleus of operative fact as the federal claim").[9]

Nevertheless, the apparent applicability of § 1441(a) to this case is foiled by § 1445(c), which bars removal of claims "arising under" state workers' compensation laws. Binding authority holds that § 1445(c) trumps § 1441:

> It is mandated by the Constitution, Article III, Sec. 2, that Congress has the sole power to fix the jurisdiction of the federal courts and it follows that when Congress has deprived the federal courts of jurisdiction in certain cases, the courts cannot ad hoc reinvest

---

[8] *See* 28 U.S.C. § 1367, which provides in part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.... Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

This provision codified the pendent jurisdiction doctrine enunciated by the Supreme Court in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), holding that, where plaintiff presents both federal and state law claims, federal courts may exercise jurisdiction over those state law claims which arise "from a common nucleus of operative facts."

[9] Similarly, § 1441(b) could arguably support removal in such a case. Section 1441(b) establishes additional guidelines regarding the parties' citizenship in both federal question and diversity cases. Those issues are not relevant to this case. Regardless, the arguments regarding § 1441(a) also apply to prevent removal under § 1441(b).

9

themselves with that jurisdiction, either in 'individual cases' or otherwise.

*Gamble v. Central of Georgia Railway Co.*, 486 F.2d 785 (5th Cir. 1973)(citation omitted).[10] Accordingly, removal of this case cannot be upheld under that provision.

An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 13th day of January, 1998.

_____
United States District Judge

---

[10] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Gamble* was overruled on other grounds by *Lirette v. N.L. Spery Sun, Inc.*, 820 F.2d 116 (5th Cir. 1987). Even so, the Eleventh Circuit has not overruled *Gamble*, and *Lirette* was decided after the split. Thus, *Gamble* remains binding law for this circuit.

10